UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN DEVON BRIGGS, #447282,

        Plaintiff,

                              Case No. 1:13-CV-1160

v.

                              HON. ROBERT HOLMES BELL

GAIL BURKE, et al.,

        Defendants.
                                 /

**ORDER APPROVING AND ADOPTING**
**<u>REPORT AND RECOMMENDATION</u>**

On March 16, 2015, United States Magistrate Judge Phillip J. Green issued a report and recommendation ("R&R") recommending that all of Plaintiff's claims for declaratory relief be dismissed as moot; that Defendants' motions for summary judgment (ECF Nos. 13, 37, 47, 59) be granted; that all of Plaintiff's claims against Defendants Spurbeck, Fockler, and Chick be dismissed without prejudice; that judgment be entered in favor of Defendant Burke on all of Plaintiff's claims; that Plaintiff's motions for summary judgment (ECF Nos. 28, 55) be denied; that Plaintiff's motion for a default judgment against Defendant McAllister (ECF No. 90) be denied; and that all of Plaintiff's claims against McAllister be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure. (ECF No. 104.) Plaintiff Kevin Devon Briggs filed objections to the R&R on April 6, 2015. (ECF No. 105.)

This Court is required to make a de novo determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Plaintiff objects to the R&R "in its entirety as bias, prejudicial, and slanderous in nature" and to every recommendation in the R&R. (Pl.'s Obj. 1-2.) These objections are too general to qualify as an objection and do not require de novo review by the Court. *See Miller*, 50 F.3d at 380. Many of Plaintiff's objections are actually disagreements with statements contained in Plaintiff's medical record or the Defendants' declarations. These are arguments Plaintiff raised or could have raised in response to the motions. They are not objections to the R&R.

Plaintiff objects more specifically to the R&R's recommendation that Defendants Sprubeck, Fockler, and Chick be granted summary judgment based on Plaintiff's failure to exhaust administrative remedies. Plaintiff asserts that he is not permitted by prison rules, specifically P.D. 03.02.130(F), to grieve misconduct reports written in retaliation for his protected activities. Plaintiff's reliance on P.D. 03.02.130(F) is misplaced. This policy directive pertains to "decisions" made in misconduct hearings. It does not provide that

2

Plaintiff cannot grieve the filing of a false and retaliatory misconduct report against him. Furthermore, because Plaintiff was found guilty of the misconduct charges, the guilty finding "essentially checkmates" Plaintiff's retaliation claim. *See Jackson v. Heyns*, 158 F. App'x 656, 662 (6th Cir. 2005); *Jones v. Heyns*, No. 1:12-cv-1324, 2014 WL 1607621, at *2 (W.D. Mich. Apr. 22, 2014) (Jonker, J.).

Plaintiff objects to the R&R's reliance on evidence from his medical records from a different facility because he contends they are hearsay. Plaintiff's objection lacks merit. Records of regularly conducted activities fall within an exception to the hearsay rule. Fed. R. Evid. 803(6).

Plaintiff objects to the R&R's conclusion that Defendant Burke's decision to replace Plaintiff's insulin with an oral medication did not violate Plaintiff's Eighth Amendment rights. Plaintiff contends Burke violated his rights by "intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Plaintiff's reliance on this phrase from *Estelle* is misplaced. The language Plaintiff relies on concerned a guard's interference with prescribed treatment. It does not suggest that a doctor cannot change the treatment once prescribed.

Plaintiff objects to the R&R's recommendation that Defendant McAllister be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure because he was never served with process. Plaintiff asserts that McAllister sent in a waiver on May 9, 2014 (ECF No. 31.) Although the Court's docket sheet indicates that Defendant McAllister sent

in a waiver of service, the waiver that was returned to the Court has not been signed. Accordingly, the R&R correctly determined that Defendant McAllister did not waive service of process, and that Defendant McAllister was not otherwise served with process.

Plaintiff objects to the R&R's conclusion that the evidence does not support the subjective component of an Eighth Amendment claim against Dr. Burke. Upon de novo review of the evidence, the Court finds, for the reasons thoroughly set forth in the R&R, that Plaintiff has not presented evidence sufficient to support the subjective component of an Eighth Amendment claim against Dr. Burke.

Plaintiff objects to the R&R's conclusion that he failed to state an Eighth Amendment claim against Dr. Burke with respect to her prescription of the antibiotic Bactrim even though Plaintiff had advised that he was allergic to it. Assuming the facts are as presented by Plaintiff, the Court nevertheless finds that they are not sufficient to show that she was deliberately indifferent to any serious medical needs in violation of his Eighth Amendment rights. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (ECF No. 105) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the March 16, 2015, R&R (ECF No. 104) is **APPROVED and ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that all of Plaintiff's claims for declaratory relief are **DISMISSED AS MOOT.**

**IT IS FURTHER ORDERED** that Defendants' motions for summary judgment (ECF Nos. 13, 37, 47, 59) are **GRANTED**.

**IT IS FURTHER ORDERED** that **JUDGMENT** will be entered in favor of Defendant Burke on all of Plaintiff's claims.

**IT IS FURTHER ORDERED** that all of Plaintiff's claims against Defendants Spurbeck, Fockler, and Chick are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's motions for summary judgment (ECF Nos. 28, 55) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a default judgment against Defendant McAllister (ECF No. 90) is **DENIED.**

**IT IS FURTHER ORDERED** that all of Plaintiff's claims against Defendant McAllister are **DISMISSED WITHOUT PREJUDICE** under Rule 4(m) of the Federal Rules of Civil Procedure.


Dated: September 29, 2015            /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     UNITED STATES DISTRICT JUDGE